UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SARAH SOLLBERGER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-1023** |
| **VICTORIA HUMPHRIES** | **JUDGE JAY ZAINEY** |
| | **SECTION A(5)** |

**ORDER AND REASONS**

The following motion is before the Court: **Motion to Dismiss Plaintiff's Complaint (Rec. Doc. 14)** filed by Defendant, Victoria Humphries. Plaintiff, Sarah Sollberger, has filed a response/opposition to the motion. The motion, submitted on June 21, 2023, is before the Court on the briefs without oral argument.[1]

### I.   BACKGROUND

This matter is a family dispute relating to a donation inter vivos. Plaintiff Sarah Sollberger ("Plaintiff") and her brother, Samuel Sollberger ("Samuel"), were the only children of Robert Sollberger ("Robert" or "Sollberger"). Defendant Victoria Humphries ("Defendant") was Samuel's live-in girlfriend of several years. (Complaint ¶¶ 8, 13).

In July 2022, Samuel tragically passed away in a work-related accident. (*Id.* ¶ 11). At the time, Defendant and Samuel lived in a house owned by Robert, with Samuel occasionally paying rent. (*Id.* ¶ 12). In the days following Samuel's death, Robert transferred his interest in the house to Defendant through a donation inter vivos, revoked Plaintiff's power of attorney and granted such authority to Defendant, and placed Defendant in charge of his medical affairs. (*Id.* ¶¶ 20-23, Exhibit A).

---

[1] Defendant has requested oral argument, but the Court is not persuaded that oral argument would be helpful.

1

According to Plaintiff, these documents were fraudulently obtained and executed. (Complaint ¶¶ 20-21). Plaintiff's complaint details the events that took place following Samuel's passing, including execution of these documents. Plaintiff's complaint includes six causes of action.

Defendant now moves to dismiss all causes of action pursuant to Rule 12(b)(1) and, in the alternative, 12(b)(6).[2]

## II.  DISCUSSION

A motion filed pursuant to Rule 12(b)(1) raises the defense of lack of subject-matter jurisdiction. Fed. R. Civ. Pro. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Lack of subject-matter jurisdiction may be founded on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Ultimately, such a motion to dismiss should be granted only if it appears that the plaintiff cannot prove any set of facts in support of their claim that would entitle the plaintiff to relief. *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

Because Article III, § 3 of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies," federal courts have developed justiciability doctrines such as ripeness and standing, both of which are essential components of subject-matter jurisdiction.

---

[2] The Court notes that various exhibits were attached to the motion and to the opposition. Because this is being considered as a Rule 12(b)(6) motion, these exhibits will not be taken into consideration.

*Sample v. Morrison*, 406 F.3d 310, 312 (2005) (citing *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000)). The requirement of standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

The doctrine of standing requires the plaintiff to show three elements to meet their constitutional minimum: (1) an injury-in-fact, which must be an invasion of a legally protected interest that is both (a) "concrete and particularized" and (b) "actual or imminent"; (2) a "causal connection between the injury and the conduct complained of," requiring basic traceability between the conduct and injury; and (3) redressability of the injury by judicial action. *Id.* at 560-61 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). The burden of proof of establishing these elements falls on the party invoking federal jurisdiction. *Id.* at 561. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Id.* (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 889 (1990)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."

*Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 556 U.S. at 679)).

In the context of a motion to dismiss, the district court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor. *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001) (citing *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir. 1995)).

### A. 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Defendant does not dispute this Court's ability to exercise diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Nevertheless, it is the Court's duty to determine its existence. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The parties satisfy diversity of citizenship. The complaint properly alleges that the parties are completely diverse and that the value of the house in controversy exceeds $75,000.[3]

---

[3] The Court notes that in her Motion to Dismiss, Defendant argues the potential for federal abstention doctrine to block exercise of jurisdiction. The case that Defendant cites, *St. Paul Insurance Co. v. Trejo*, is inapplicable in the present case. 39 F.3d 585, 590 (5th Cir. 1994). *Trejo* applies exclusively in declaratory judgment suits. *Id.* Since this suit does not seek a declaratory judgment, *Trejo* is not controlling. The Court notes that there are other abstention doctrines which may be available, but lacks sufficient information at this time and therefore expresses no opinion as to their viability.

For the foregoing reasons, the motion to dismiss for lack of subject-matter jurisdiction is DENIED.

### B. 12(b)(6) Motion to Dismiss for Failure to State a Claim

*Count I – Nullity of Alleged Donation Inter Vivos Due to Fraud*

Plaintiff has attempted to allege fraud, which, if found, would nullify the contested donation inter vivos. Fraud is "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code art. 1953. It may also be the result of silence or inaction on the part of the offending party. *Id.* The elements required for a showing of fraud "are a misrepresentation of material fact made with the intent to deceive where there was reasonable and justifiable reliance by the plaintiff and a resulting injury." *Riedel v. Fenasci*, 270 So.3d 795, 801 (La. App. 1st Cir. 208) (citing *Prejean v. Estate of Monteiro*, No. 15-0197, 2015 WL 5515763, at 83 (La. App. 1st Cir. Sept. 18, 2015)); *see also Mack v. Evans*, 804 So.2d 730, 733 (La. App. 2d Cir. 2001) (requiring "an intent to defraud or gain an unfair advantage and a resulting loss or damage"). When alleging fraud by way of silence, the alleging party must demonstrate that a duty to speak or disclose information existed. *Chateau Homes by RJM, Inc. v. Aucoin*, 97 So.3d 398, 405 (La. App. 5th Cir. 2012) (citing *Schaumburg v. State Farm Mut. Auto. Ins. Co.*, 421 F. App'x 434, 442 (5th Cir. 2011)).

Plaintiff's fraud claim rests primarily on the alleged exploitation of Robert Sollberger in the wake of his son's death, including pressure to sign a variety of documents conveying property and legal authority to Defendant. (Complaint ¶¶ 36-37). The complaint alleges that Defendant misled Sollberger as to "the true nature of the documents" and that she failed to

5

communicate with those who held authority over his assets. However, it fails to identify any specific statement by Defendant that affirmatively misled Sollberger or describe the exact nature of the alleged fraud. (Complaint ¶ 37).

As an initial matter, under the current procedural posture of this case, Plaintiff lacks the ability to state a claim under state law for this injury. At the time the suit was filed, Robert Sollberger was living. The Court notes that Plaintiff referred to his subsequent passing in the opposition to the present motion to dismiss, but such is insufficient to confer a statutory right of action. Because a motion to dismiss is adjudicated on the pleadings, this Court may only consider what is set forth in the complaint. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). At this time, Plaintiff's claim cannot survive because she lacked a viable cause of action when she filed suit, and the pleadings have not been amended to reflect the change in circumstances. Further, the complaint fails to sufficiently allege that Plaintiff stood to receive the house absent the alleged fraud. Absent allegations in the pleadings that Plaintiff was an intended beneficiary of the house at death but for these actions, Plaintiff cannot state a claim for the loss of the house.

Notwithstanding the issue outlined above, Plaintiff also fails to properly allege fraud. Under Federal Rule of Civil Procedure 9, a claim for fraud must be alleged with particularity. Fed. R. Civ. Pro. 9. Fifth Circuit precedent interprets Rule 9 to require the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). Plaintiff has failed to identify any specific statements demonstrating that Defendant affirmatively misled Sollberger as to the nature of the

documents, or to prove that Defendant withheld information despite a duty requiring disclosure. Failure to plead fraud with particularity mandates dismissal.

Therefore, Plaintiff must amend the complaint to cure both pleading defects identified above to survive this motion to dismiss. The motion to dismiss is GRANTED without prejudice, and Plaintiff shall move to amend the complaint to address the issues identified above **within fifteen days** of entry of this Order.

*Count II – Nullity of Alleged Donation Inter Vivos Due to Undue Influence*

Plaintiff further alleges that the donation inter vivos should be nullified by Defendant's undue influence over Sollberger. Undue influence may nullify a donation inter vivos where it is "the product of influence by the donee or another person that so impaired the volition of the donor as to substitute the volition of the donee or other person for the volition of the donor." La. Civ. Code art. 1479.

Plaintiff is met with the same issues regarding her procedural capacity to state a claim as described in Count I. Because Robert Sollberger, donor of the property, was living at the time the suit was filed and had not been interdicted, and because the complaint does not adequately allege that Plaintiff was an intended beneficiary of the property, dismissal is appropriate.

Defendant further argues that the allegations set forth in the complaint are insufficiently conclusory and therefore merit dismissal. However, Plaintiff's complaint contains a series of factual statements sufficient to allege a claim for undue influence at this stage of the proceedings, including that Sollberger had been subject to exploitation previously; that he had impaired cognition and executive function; that he did not understand the documents that he signed; that he was inebriated the day of signing; that he did not have his eyeglasses at the time he signed

7

said documents; and that said documents conferred a material benefit upon Defendant. (Complaint at ¶¶ 9, 20-21, 31). These allegations are sufficient to state a claim.

Accordingly, the motion to dismiss will be GRANTED without prejudice as to the undue influence claim, with leave to amend the complaint to address the procedural issue outlined above. Plaintiff shall amend her complaint to address these issues **within fifteen days** of entry of this Order.

### *Count III – Nullity of Alleged Donation Inter Vivos Due to Improper Form*

Defendant disputes the claim that the donation inter vivos is nullified by improper form, arguing that notarization does not require disinterested witnesses. Plaintiff essentially concedes the veracity of this argument by failing to address it in her opposition memorandum. However, Plaintiff maintains that proper form specifically requires both that the donor sign the document and that the donor have capacity to sign at the time of the donation.

First, Plaintiff again is met with the same issues in stating a claim described above in Counts I and II regarding her procedural capacity to sue at the time this case was filed. On this basis, the claim cannot remain, absent amendment to the complaint. Beyond this issue, Defendant argues that the allegations are insufficient to state a claim. "Capacity to donate inter vivos must exist at the time the donor makes the donation." La. Civ. Code art. 1471. Mental condition is one of the factors considered in determining capacity. La. Civ. Code art. 1470 rev. cmt. (b). Plaintiff has sufficiently alleged facts relating to Sollberger's mental capacity at the time of the transfer to call into question the effectiveness of the donation. Further, Plaintiff has alleged that Sollberger did not sign the donation inter vivos, but that Defendant signed it on his behalf. Whether this alleged act was permitted by the recently executed power of attorney

granting authority to Defendant is not at issue at this point. The factual allegations here are sufficient to state a claim, but Plaintiff must amend the complaint to properly allege procedural capacity to sue in order to withstand this motion to dismiss. Therefore, the motion to dismiss will be GRANTED without prejudice as to the claim of improper form, with leave to amend the complaint to address the procedural issue outlined above. Plaintiff shall amend her complaint **within fifteen days** of entry of this Order.

### *Count IV – Unjust Enrichment Through Elder Abuse*

Plaintiff attempts to set forth a cause of action under Louisiana unjust enrichment law. However, as Defendant properly points out, there must be "no other remedy at law" to satisfy an unjust enrichment claim. *Pinegrove Elec. Supply Co., Inc. v. Cat Key Const., Inc.*, 88 So.3d 1097, 1100 (La. App. 5th Cir. 2012). That is, "the remedy is subsidiary and shall not be available if the law provides another remedy for the impoverishment." La. Civ. Code art. 2298. The claim of unjust enrichment is not available as a safety valve in the event other claims fail. "The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment." *Walters v. MedSouth Record Management, LLC*, 38 So.3d 243, 244 (La. 2010). Plaintiff has set forth several other theories through which recovery is potentially available, thus foreclosing the viability of an unjust enrichment claim.

Therefore, the motion to dismiss will be GRANTED with prejudice as to the claim of unjust enrichment.

*Count V – Intentional Infliction of Emotional Distress Through Elder Abuse*

Plaintiff claims intentional infliction of emotional distress in connection with the actions allegedly undertaken by Defendant. Aside from the issues surrounding standing to bring a claim on behalf of her father,[4] Plaintiff has failed to state a claim for intentional infliction of emotional distress. Louisiana's case law governing this tort requires a plaintiff to establish that (1) the conduct of the defendant was extreme and outrageous; (2) the emotional distress suffered by the plaintiff was severe; and (3) the defendant desired to inflict such distress or knew that such distress would be certain or substantially certain to result. *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). For such a claim to succeed, "[t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Id.* People are expected to withstand "occasional acts that are definitely inconsiderate and unkind." *Id.* The distress must be of such a level that "no reasonable person could be expected to endure it," and "mental suffering or anguish [must be] extreme" to succeed. *Id.* at 1210.

The actions alleged in the complaint, while certainly inconsiderate, do not currently rise to the level of severity as required by law. The complaint largely focuses on the impact of the transfer upon Robert Sollberger, who is not party to this case. Further, Plaintiff's allegations as to her personal injuries are conclusory, simply noting that her emotional distress is "considerable" without alleging further severe distress caused by the activity. (Complaint ¶ 46). In light of these pleading deficiencies, the motion to dismiss will be GRANTED without prejudice as to the

---

[4] In addition to the issues regarding the factual allegations of this cause of action, Plaintiff lacks standing to bring any claims of intentional infliction of emotional distress which derive from her father's emotional injuries. Sollberger was not interdicted and was living at the time this suit was filed. At that time, Plaintiff's power of attorney had been revoked, and she lacked legal standing to pursue any claims on Sollberger's behalf.

intentional infliction of emotional distress claim, with leave for Plaintiff to amend her complaint to adequately set forth a factual basis supporting this claim.[5] Plaintiff shall amend the complaint **within fifteen days** of entry of this Order.

### *Count VI – Conspiracy to Commit Counts I-V*

Plaintiff asserts civil conspiracy in her final count. Louisiana does not have an individual tort for civil conspiracy; rather, Louisiana Civil Code Article 2324 provides that in the event multiple individuals conspire to commit an intentional tort, each is answerable *in solido* with their co-conspirators for damages caused by such act. Plaintiff, however, has failed to identify more than one defendant or name any other party to the alleged conspiracy to commit these torts. Further, Plaintiff's allegations are conclusory, merely stating that Defendant and her unnamed co-conspirators had an agreement in place to commit an illegal act with no further factual allegations in support. Such allegations are insufficient to survive a motion to dismiss to state a claim.

The motion to dismiss will be GRANTED with prejudice as to the civil conspiracy claim.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss Plaintiff's Complaint (Rec. Doc. 14)** filed by Defendant, Victoria Humphries, is **GRANTED IN PART AND DENIED IN PART** as explained above.

**IT IS FURTHER ORDERED** that **within fifteen days** of entry of this Order, Plaintiff must move to amend her complaint to properly allege the party's ability to bring suit in light of

---

[5] *See Jack v. Evonik Corp.*, No. 22-30526, 2023 WL 5359086, at *9-13 (5th Cir. Aug. 22, 2023). Although granting leave to amend, the Court notes that the allegations to Count V are very sparse and arguably warrant dismissal at this stage without such leave.

recent developments since the suit was filed, the proper procedural ability to bring suit, and to properly allege the fraud claim under the Federal Rules of Civil Procedure.

September 15, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE